UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CHRIS RISTICK,
and all others similarly situated,

     Plaintiffs,

v.                           C.A. No.:

                                       **COLLECTIVE ACTION**

COMPREHENSIVE QUALITY CARE, INC.,

     Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRIS RISTICK (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, COMPREHENSIVE QUALITY CARE, INC. (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1.     This is a collective action by Plaintiff, and others similarly situated, against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, COMPREHENSIVE QUALITY CARE, INC., within this Court's District.

## THE PARTIES

4.     Plaintiff is an individual residing in Houston, Texas.

5.     Plaintiff, CHRIS RISTICK, was employed by Defendant from March of 2015 to May of 2017, as a Certified Nurse Assistant.

6.     Defendant, COMPREHENSIVE QUALITY CARE, INC., is a corporation existing under the laws of the State of Illinois and maintains offices in Chicago, Illinois.

7.     Defendant, COMPREHENSIVE QUALITY CARE, INC., operates a not-for-profit company that primarily operates as a business providing home healthcare services, and is an employer as defined by 29 U.S.C. § 203(d).

8.     Defendant, COMPREHENSIVE QUALITY CARE, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.     At all times material to this complaint, Defendant, COMPREHENSIVE QUALITY CARE, INC., employed two or more employees and had an annual dollar

volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendant, COMPREHENSIVE QUALITY CARE, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     At all times material to this Complaint, Defendant was the employer of the Plaintiff, and others similarly situated, and, as a matter of economic reality, were dependent upon Defendant for their employment.

12.     Plaintiff, and others similarly situated, were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities.     Specifically, Plaintiff, and others similarly situated, performed work relating to the handling and movement of goods and products for interstate commerce, and regularly utilized the channels of interstate commerce in performing the regular and recurring duties.

13.     Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services.     Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit,

all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT

14.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above.

15.     Plaintiff and others similarly situated, 1) performed work for the Defendant providing home healthcare services; 2) did not hold positions considered as exempt under the FLSA; and, 3) were to be paid an hourly rate.

16.     Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage of $7.25 per hour for each hour worked in a workweek.

17.     Specifically, Plaintiff, and all others similarly situated, were not paid at least minimum wage during the time period of approximately January of 2016 through May of 2017.

18.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF COMPREHENSIVE QUALITY CARE, INC., WHO WERE EMPLOYED AS CERTIFIED NURSE ASSISTANTS THROUGHOUT THE UNITED STATES AND WERE NOT PROPERLY COMPENSATED AT THE THEN-CURRENT MINIMUM WAGE FOR ALL HOURS WORKED IN A WORKWEEK.

19.     This action is properly brought as a collective action for the following

reasons:

a.      The Class is so numerous that joinder of all Class Members is impracticable.

b.      Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

c.      The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.      Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

e.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.      The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.    Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

20.    For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

21.    In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied minimum wage compensation while employed by Defendants.

22.    Defendant's policy of not properly paying minimum wage is company-wide and "Certified Nurse Assistants," throughout the United States, employed by Defendant during the three years prior to the filing of this action have been deprived of minimum wages, similarly to the Plaintiff.

23.    Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

24.    Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages owed pursuant to 29 U.S.C. § 216(b).

26.     The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked per workweek.

27.     As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of minimum wages which was not paid that should have been paid.

28.     Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRIS RISTICK, and all others similarly situated, demand Judgment against Defendant for the following:

a.     Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b.     Ordering prompt notice of this litigation to all potential Class Members;

c.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

    d.      Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

    e.      Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

    f.      Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

    g.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CHRIS RISTICK, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this October 10, 2018.

John A Salzeider
Bar No.:
O'CONNOR AND NAKOS LTD.
120 N. Lasalle
Suite 3500
Chicago, IL 60602
(312) 546-8100
(312) 546-8101
jsalzeider@oconnornakos.com


**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**